**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JULY 23, 2003**

WILLIAM SLOBIN, Personal
Representative of the ESTATE
OF MARTIN SLOBIN,

    Plaintiff-Appellee,
    Cross-Appellant,

v                                No. 122063

HENRY FORD HEALTH CARE,

    Defendant-Appellant,
    Cross-Appellee.

_____

PER CURIAM

A law firm representing plaintiff[1] in a legal matter requested a copy of his medical records held by defendant. The company under contract with defendant to copy and send the records charged the law firm $44.26 for twenty-two pages. Plaintiff filed this action alleging that the charge was unduly high and in violation of several legal principles. The

---

[1] Plaintiff Martin Slobin died on December 6, 2000, and William Slobin, personal representative of the decedent's estate, was thereafter substituted as plaintiff. In this opinion, "plaintiff" refers to Martin Slobin.

Court of Appeals concluded that plaintiff could pursue his case on the basis of two of these principles, one under the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq.,* the second by theory of civil conspiracy under the MCPA. We conclude that the law firm's request for copies was not subject to the MCPA and reverse that portion of the Court of Appeals decision accordingly.

I

Plaintiff was injured in a slip-and-fall incident at a shopping center in 1996 and retained the law firm of Goren & Goren to represent him in connection with his injury. The law firm requested plaintiff's medical records from defendant's Fairlane Clinic for use in the legal pursuit of the injury claim. In response to the request for the medical records, the law firm received a twenty-two-page compilation and an itemized invoice for $44.26.

The medical records were copied and sent to the law firm by Smart Corporation (Smart), which had entered into a contract with defendant to respond to patient and other entity requests for copies of medical records. Under the contract, defendant collected the requested records and provided them to Smart for copying and mailing to the requesting party. All fees received in connection with the copying were retained by Smart, with the exception of a $7 retrieval fee to defendant.

The invoice presented to Goren & Goren contained this $7

2

retrieval fee, as well as a flat $15 charge for the first five pages of copied records, an $0.85 fee for each additional page, a $5.30 fee for shipping and handling, and sales tax.[2] The law firm paid the invoice, but subsequently filed this action on behalf of plaintiff, claiming the charges submitted by Smart were unduly high and therefore in violation of the law.

Plaintiff in his complaint alleged that defendant, by contracting with Smart, (1) violated its common-law duty to provide copies of medical records at a reasonable cost, (2) violated the MCPA by charging a consumer price grossly in excess of similar copying rates, (3) breached its fiduciary duty to plaintiff by permitting Smart to charge him more than the marginal costs of copying records, and (4) tortiously acted in concert with Smart to require patients to pay unreasonably high fees for copies of their medical records. Plaintiff filed a motion for summary disposition, adding the contention that defendant's contract with Smart amounted to an illegal subsidy by allowing Smart to recoup losses it accrued by providing free copies to select requesting entities, such as other health-care providers and government agencies.

---

[2] The record indicates that the fee charged by Smart varied on the basis of who made the request. For example, doctors and hospitals were not charged for copies of medical records requested for the purpose of continuing patient care. Individual patients ordering their own records were charged a discounted rate. Law firms and insurance companies ordering medical records were charged at the higher rate being challenged in this case.

Defendant filed its own motion for summary disposition, not only responding to plaintiff's arguments, but also contending that the Public Health Code provided the exclusive remedy for challenging a hospital's copying charges. The circuit court denied plaintiff's motion and granted defendant's motion pursuant to MCR 2.116(C)(8) and (10).

Plaintiff appealed by right to the Court of Appeals. In a split decision, the Court affirmed the circuit court's grant of summary disposition for defendant in all but two respects.[3] A majority of the Court concluded that plaintiff could maintain his claim under the MCPA, because the request for copies was subject to the act and reasonable minds could differ on whether the charge for the copies of plaintiff's medical records was grossly excessive. The majority also held that plaintiff could maintain his concert-of-action, or civil-conspiracy, claim, limited to the extent it rested on the alleged MCPA violation. We limit our analysis to the issue whether the request for medical records in this case was subject to the MCPA.


II

The MCPA provides protection to Michigan's consumers by prohibiting various methods, acts, and practices in trade or

---

[3] Unpublished opinion per curiam, issued July 9, 2002 (Docket No. 216196). Each judge on the panel wrote a separate opinion.

4

commerce.  MCL 445.903(1) provides a lengthy list of "unfair, unconscionable, or deceptive" conduct for which remedies are available under the act.  The prohibited conduct claimed by plaintiff is the following:

> (z) Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold.

Such improper charging is only unlawful under the act, however, "in the conduct of trade or commerce" as defined in the act.  MCL 445.902(d) defines the term in relevant part as follows:

> "Trade or commerce" means the conduct of a business providing goods, property, or service primarily for personal, family, or household purposes . . . .

Defendant argues that the law firm's request for plaintiff's medical records in this case did not satisfy the requirement of being primarily for "personal, family, or household purposes," and that the MCPA was therefore not applicable to the copying charges at issue in this case.  The Court of Appeals lead opinion did not directly address this question.  The dissenting judge focused on it, however, contending that plaintiff's MCPA claim failed as a matter of law because obtaining medical records for the purpose of litigation does not satisfy the definition of "trade or commerce" found in the act.  We agree because obtaining medical records for the purpose of litigation is not primarily for personal, family, or household use.

5

This is consistent with several Court of Appeals opinions that held that the MPCA applies only to purchases by consumers and does not apply to purchases that are primarily for business purposes. For example, in *Zine v Chrysler Corp,* 236 Mich App 261, 600 NW2d 384 (1999), the plaintiff purchased a truck for use in his business and alleged that a booklet that defendant had placed in new cars was misleading. The Court noted that, although plaintiff used the truck in part for personal needs, he had testified that eighty percent of the miles he put on the truck were attributable to business driving. The Court therefore concluded that summary disposition was appropriate on plaintiff's MCPA claim, holding that "if an item is purchased primarily for business or commercial rather than personal purposes, the MCPA does not supply protection." *Id.* at 273.

Likewise, in *Jackson Co Hog Producers v Consumers Power Co,* 234 Mich App 72; 592 NW2d 112 (1999), the claim was lost hog production from alleged "stray voltage." The Court held that "the definition of 'trade or commerce' renders the MCPA inapplicable to the transaction . . . where plaintiffs purchased electricity from defendant primarily for the purpose of operating their business rather than 'primarily for personal, family, or household purposes.'" *Id.* at 84. These cases reflect a correct understanding of the scope and purpose of the MCPA.

In this case, we have precisely the business or

commercial purpose that is outside the express contemplation of the MCPA. The law firm here did not act as a mere conduit or intermediary, procuring the medical records in order to pass them along for plaintiff's "personal, family or household" use. Rather, the medical records were sought principally so that the law firm itself could engage in its own business or commercial enterprise, namely, the evaluation and pursuit of legal avenues to procure financial rewards and other relief for its client. While there will sometimes be a fine line between activities within the scope of the MCPA and those beyond its coverage, we believe that the activities in question here are too indirectly related to plaintiff's "personal, family, or household" use to fall within the act.

### III

We hold that a claim for damages based upon a law firm's request for the medical records of a client it is representing in litigation cannot be sustained under the MCPA. Such a claim fails as a matter of law because obtaining medical records for the purpose of litigation is not "primarily for personal, family, or household use," as required by the act. Because plaintiff's claim cannot be sustained under the MCPA as a matter of law, this Court need not address defendant's remaining arguments on appeal.

We reverse in part the judgment of the Court of Appeals and reinstate the order of the circuit court. The Court of Appeals erred, for the reasons stated above, in permitting

plaintiff to go forward with his MCPA and accompanying concert-of-action claims. The decision of the Court of Appeals is otherwise affirmed. Plaintiff's application for leave to appeal as cross-appellant is denied.[4]

>           Maura D. Corrigan
>           Michael F. Cavanagh
>           Clifford W. Taylor
>           Robert P. Young, Jr.
>           Stephen J. Markman

---

[4] The motion by the Auto Club Insurance Association to file a brief amicus curiae is granted.

WILLIAM SLOBIN, personal
representative of the estate of
MARTIN SLOBIN,

     Plaintiff-Appellee,
     Cross-Appellant,

v                                           No. 122063

HENRY FORD HEALTH CARE,

     Defendant-Appellant
     Cross-Appellee.
_____

KELLY, J. (*dissenting*).

I disagree with the majority's conclusion that plaintiff's medical records were ordered for a nonpersonal purpose. Though the records were acquired by plaintiff's attorneys, this alone should not preclude the application of the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq.*

The attorney-client relationship is generally governed by agency principles. *Friedman v Dozorc*, 412 Mich 1, 75; 312 NW2d 585 (1981) ("Attorneys are the agents who provide the necessary expertise for clients who wish to litigate their rightful claims.") (Opinion of Blair Moody, Jr., J.). Here,

Goren & Goren, P.C., sought plaintiff's medical records while acting in its representative capacity and with plaintiff's consent. Under agency theory, the request by the law firm to defendant is treated as having been made by plaintiff to defendant.[1]

Plaintiff, through his attorney-agent, requested the medical records for an evaluation of his injuries in connection with a slip-and-fall lawsuit against a shopping center. Through this lawsuit, plaintiff sought to restore himself to his preinjury status. Plaintiff did not bring the lawsuit as part of a commercial dispute. Rather he brought it to recover for injury to his person. I would hold that this request was personal in nature, falling within the purview of the MCPA.

Accordingly, I agree with Judges White and Wilder of the Court of Appeals, and I would remand the case to the trial court for consideration of the alleged MCPA violation.

Marilyn Kelly

---

[1] 1 Restatement Agency 2d (1958), ch 6, § 147, p 361, states:

§ 147 Inference That Principal Is a Party; Simple Contracts

Unless otherwise agreed, a disclosed or partially disclosed principal is a party to a contract, if not negotiable or sealed, made by his agent within his authority.

S T A T E   O F   M I C H I G A N

SUPREME COURT

WILLIAM SLOBIN, Personal
Representative of the ESTATE
OF MARTIN SLOBIN,

    Plaintiff-Appellee,
    Cross-Appellant,

v

No. 122063

HENRY FORD HEALTH CARE,

    Defendant-Appellant,
    Cross-Appellee.
_____

WEAVER, J. *(dissenting)*.

    I would grant leave to appeal and not decide this case without oral argument.

                       Elizabeth A. Weaver