# STATE OF MICHIGAN

# COURT OF APPEALS

JACKIE SHACKELFORD JR,

        Plaintiff-Appellant,

v

ALARIS GROUP INC,

        Defendant-Appellee.

UNPUBLISHED
December 13, 2018

No. 339625
Wayne Circuit Court
LC No. 16-009084-CP

Before: M. J. KELLY, P.J., and METER and O'BRIEN, JJ.

PER CURIAM.

Plaintiff, Jackie Shackelford Jr., appeals as of right the trial court order granting summary disposition to defendant, Alaris Group Inc. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

In January 2014, Shackelford was injured while driving a truck at work. Upon request from Sentry Insurance (a workers' compensation insurance company), from 2014 to 2016, Shackelford received nurse case management services from Alaris Group via Case Management Services, a wholly owned subsidiary of Alaris Group. The record reflects that Sentry paid for the case management services, and the case management reports were prepared monthly and sent to Sentry. On March 18, 2016, Shackelford, through his lawyer, sent the following request for certain records to Alaris:

> Please be advised that this office has been retained to represent Jackie Shackelford, Jr. regarding his workers' compensation claim. We understand that you have been providing nurse case management services to him as a result of his work injury.

> Regrettably, you did not assist him in obtaining attendant care despite our understanding that his physicians recommended attendant care which was being performed by his mother and friend. Mr. Shackelford stated that you should be in possession of the prescriptions that were written for attendant care by his physicians after his release form the hospital and the Rehabilitation Institute of Michigan.

-1-

Pursuant to his authorization enclosed and Section 385 of the WDCA, please forward a copy of all nurse case management reports that you have sent to the insurance company as well as a copy of any attendant care prescriptions in your file. We will pay the reasonable expenses for copying in accordance with the Michigan Health Care Service Rules.

Enclosed with the letter was a signed and notarized "HIPAA[1] DISCLOSURE AUTHORIZATION FORM," which expressly stated that "[t]he purpose of this release is related to a legal matter." On May 9, 2016, Shackelford's lawyer sent a second request for the case management notes and a copy of any attendant-care prescriptions in Alaris's file. The second request was essentially identical to the first.

On May 31, 2016, Alaris responded as follows:

ALARIS initiated case management services upon referral from the workers' compensation insurance company, Sentry Claims—WI. Case management documentation is provided to the insurer as part of the reimbursement process. With insurer approval, ALARIS will fulfill your request for case management records.

* * *

To attain copies of medical records, please contact the health care provider(s) directly. Thank you.

Subsequently, on June 24, 2016, Alaris's lawyer sent a letter denying the request and explaining:

Your letter demands healthcare records for your client, but appears to be based on inapplicable statutes and presumptions. My client is not a healthcare provider as defined under HIPAA; my client provides case management services on behalf of its insurance carrier customer (i.e. a third party payor) in relation to your client's workers [sic] compensation claim. Under HIPAA, records related to workers [sic] compensation cases are expressly exempted from the Privacy and Security Rule obligations of HIPAA. While Michigan's Medical Record Access Act of 2004, under MCL 333.26269, does mandate that a healthcare provider provide a patient with a copy of his/her record upon request, my client is not a healthcare provider and my client correctly answered in its previous response to you that healthcare records may be acquired directly from the healthcare provider (i.e. doctor, hospital); this is also in keeping with Michigan's Workers Compensation Act, MCL 418.385. You will note that the Medical Record Access Act of 2004, under MCL 333.26271, expressly exempts a third party payor as being obligated to provide a medical record.

---

[1] Health Insurance Portability and Accountability Act (HIPAA), 42 USC 1320d *et seq*.

Then, on June 29, 2016, Alaris's lawyer sent a second letter, stating:

> Please be advised that ALARIS will produce copies of its reports pursuant to a validly issued subpoena and under a protective order. However, ALARIS will object to the production of any medical records on the basis that the parties to the litigation have equal access and those records should be obtained from the parties to this action, and not by third-party subpoena. . . .

On July 19, 2016, Shackelford filed a complaint against Alaris, alleging a violation of the Medical Records Access Act, MCL 333.26261 *et seq*., and a violation of the Michigan Consumer's Protection Act, MCL 445.901 *et seq*. In connection with a motion to amend the scheduling order, Shackelford asserted—and Alaris admitted—that Shackelford had sent a request for the production of documents to Alaris on October 7, 2016, and that after Shackelford filed a motion to compel, Alaris provided "approximately 200 pages of records on November 18, 2016" and another 250 pages of file materials in January 2017.

The parties filed competing motions for summary disposition. Relevant to this appeal, Alaris argued in its reply brief that the claim under the MRAA was moot because it had released the requested documents pursuant to a discovery request, and it asserted that Shackelford lacked standing to seek an injunction preventing Alaris from denying other patients access to their case-management records. After oral argument, the court granted summary disposition in Alaris's favor on both claims.

This appeal follows.

## II. MRAA CLAIM

### A. STANDARD OF REVIEW

Alaris contends that Shackelford's claims under the MRAA are moot because the documents he requested were released to him during discovery. Whether an issue is moot is a question of law that is reviewed de novo. *Thomas M Cooley Law Sch v Doe 1*, 300 Mich App 245, 254; 833 NW2d 331 (2013). Shackelford argues that we need not address this issue because it was not properly preserved by Alaris in the proceedings before the trial court and because the trial court did not address it. However, courts lack jurisdiction over matters that are moot. *People v Richmond*, 486 Mich 29, 35; 782 NW2d 187 (2010). Thus, whether a case is moot is a threshold question that we must address before reaching the substantive issues of a case. *In re MCI Telecom Complaint*, 460 Mich 396, 435 n 13; 596 NW2d 164 (1999). See also *Richmond*, 486 Mich at 35 (holding that an appellate court can sua sponte refuse to hear moot cases).

### B. ANALYSIS

"A matter is moot if this Court's ruling cannot for any reason have a practical legal effect on the existing controversy." *Cooley*, 300 Mich App at 254 (quotation marks and citation omitted). Here, because the requested documents have been turned over to Shackelford, this Court's ruling cannot have a practical legal effect on the existing controversy, so the issue is moot. Yet, even if a claim is moot, as a practical matter, this Court may consider a legal issue if it "is one of public significance that is likely to reoccur, yet evade judicial review." *Id*.

(quotation marks and citation omitted). Our Supreme Court has recognized that it is appropriate to decline to apply the mootness doctrine "when an opposing party could, by its own conduct, render an issue moot to preclude an aggrieved party from seeking appellate review of the issue." *Richmond*, 486 Mich at 40. In this case, however, it does not appear that Alaris sought to moot the issue by voluntarily releasing the requested documentation. Instead, it released the documents in response to a motion to compel the production of documents that was filed by Shackelford and in response to a letter demanding a supplemental response to the initial production of documents. Accordingly, we decline to address the merits of this moot issue.

## III. MCPA CLAIM

### A. STANDARD OF REVIEW

Shackelford asserts that the trial court erred by summarily dismissing his claim under the MCPA. We review de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009).

### B. ANALYSIS

Here, the first and second request for the production of records both stated that Shackelford had retained a lawyer to represent him in connection with his workers' compensation claim, noted that Alaris had failed to assist Shackelford in obtaining prescribed attendant-care-services, and included a signed and notarized HIPAA disclosure authorization form that expressly stated that the records were being sought in relation to "a legal matter." In *Slobin v Henry Ford Health Care*, 469 Mich 211, 218; 666 NW2d 632 (2003), our Supreme Court held:

> [A] claim for damages based upon a law firm's request for the medical records of a client it is representing in litigation cannot be sustained under the MCPA. Such a claim fails as a matter of law because obtaining medical records for the purpose of litigation is not 'primarily for personal, family, or household use,' [i.e., for "trade or commerce," MCL 445.902(1)(g),] as required by the act.

Consequently, Shackelford's claim under the MCPA must fail as a matter of law.

Affirmed. Alaris may tax costs as the prevailing party. MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Patrick M. Meter
/s/ Colleen A. O'Brien