# STATE OF MICHIGAN

# COURT OF APPEALS

---

JOHN DOES 1-7, and all others similarly situated,

              Plaintiffs-Appellees,

v

DEPARTMENT OF CORRECTIONS, GOVERNOR, DEPARTMENT OF CORRECTIONS DIRECTOR, CORRECTIONAL FACILITIES ADMINISTRATION DEPUTY DIRECTOR, CORRECTIONAL FACILITIES ADMINISTRATION DEPUTY DIRECTOR RETIRED, CORRECTIONAL FACILITIES ADMINISTRATION CHIEF DEPUTY DIRECTOR, CARSON CITY CORRECTIONAL FACILITY WARDEN, GUS HARRISON CORRECTIONAL FACILITY WARDEN, RICHARD A. HANDLON CORRECTIONAL FACILITY WARDEN, OAKS CORRECTIONAL FACILITY WARDEN, THUMB CORRECTIONAL FACILITY WARDEN, CHIPPEWA CORRECTIONAL FACILITY WARDEN, MARQUETTE BRANCH PRISON WARDEN, BELLAMY CREEK CORRECTIONAL FACILITY WARDEN, CHARLES EGELER RECEPTION & GUIDANCE CENTER WARDEN, and E.C. BROOKS CORRECTIONAL FACILITY WARDEN,

              Defendants-Appellants.

UNPUBLISHED
June 16, 2016

No. 324602
Washtenaw Circuit Court
LC No. 13-001196-CZ

---

Before: SAWYER, P.J., and HOEKSTRA and WILDER, JJ.

PER CURIAM.

      In October of 2014, the trial court granted plaintiffs' motion for class certification. Defendants applied for leave to appeal the order, but this Court denied the application. *Does 1-7 v Dep't of Corrections*, unpublished order of the Court of Appeals, entered January 16, 2015

(Docket No. 324602). The Supreme Court, in lieu of granting leave to appeal, remanded the case to this Court for consideration as on leave granted. *Doe v Dep't of Corrections*, 497 Mich 974; 859 NW2d 712 (2015), vacated in part 497 Mich 991 (2015). This Court then granted defendants' motion to expedite and ordered that the case be placed on the next available case call. *Does 1-7 v Dep't of Corrections*, unpublished order of the Court of Appeals, entered June 24, 2015 (Docket No. 324602). We dismiss the appeal as moot.

Plaintiffs are seven unidentified male prisoners who were incarcerated in adult prison facilities while under the age of 18. Plaintiffs allege that they suffered physical and sexual abuse and harassment by adult male prisoners or female prison guards. According to plaintiffs' allegations, defendants failed to provide adequate supervision to prevent the abuse, failed to house youthful prisoners separately from adults, and failed to implement appropriate policies to protect youthful prisoners. On behalf of themselves and all others similarly situated, plaintiffs sued defendants, asserting four claims under the Elliott-Larsen Civil Rights Act (CRA), MCL 37.2101 *et seq*.

Before the trial court heard plaintiffs' motion for class certification, defendants moved for summary disposition on several grounds. Among other bases for summary disposition, defendants argued that dismissal was required because plaintiffs failed to comply with MCL 600.5507(2), a provision of the prison litigation reform act (PLRA), MCL 600.5501 *et seq.*, which requires certain disclosures before a prisoner may initiate civil litigation regarding prison conditions. The trial court denied the motion, but on appeal this Court concluded that plaintiffs' complaint failed to comply with MCL 600.5507(2) and that, in these circumstances, dismissal was required. *Does 1-7 v Dep't of Corrections*, ___ Mich App ___; ___ NW2d ___ (2015); slip op at 3-5, 8-9, vacated in part on other grounds *Doe v Dep't of Corrections*, __ Mich __; 876 NW2d 570 (2016). Plaintiffs appealed and, though the Michigan Supreme Court vacated portions of this Court's decision, it denied leave to consider the propriety of dismissal under PLRA.[1] *Doe v Dep't of Corrections*, __ Mich __, __; 876 NW2d 570 (2016).

---

[1] Aside from the PLRA issue, this Court concluded that a 1999 amendment to the CRA, which prevented prisoner public service lawsuits under the CRA, was constitutional, *Does 1-7*, slip op at 23, and that an unpublished federal decision holding the amendment unconstitutional did not prevent defendants, under principles of collateral estoppel, from arguing that the amendment was constitutional, *id.*, slip op 12-17. The Michigan Supreme Court vacated these portions of this Court's decision, concluding that it was unnecessary for this Court to resolve these issues. More fully, the Court stated:

> [I]n lieu of granting leave to appeal, we VACATE that part of the Court of Appeals opinion considering whether the defendants were precluded, under principles of collateral estoppel, from arguing that the 1999 amendment to the Civil Rights Act, MCL 37.2301(b), is constitutional and whether the 1999 amendment to the Civil Rights Act violates equal protection. In light of the Court of Appeals ruling that plaintiffs' complaint should be dismissed under the Prisoner

-2-

Dismissal of plaintiffs' claims renders the present appeal moot. "An issue is moot if an event has occurred that renders it impossible for the court to grant relief." *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 472; 761 NW2d 846 (2008). Because review of a moot issue is "a purposeless proceeding," this Court refuses to address moot questions. *People v Richmond*, 486 Mich 29, 35; 782 NW2d 187 (2010) (quotation omitted). Whether an issue is moot is a threshold issue that a court addresses before it reaches the substantive issues of the case. *In re MCI Telecom Complaint*, 460 Mich 396, 435 n 13; 596 NW2 164 (1999).

Given that plaintiffs' complaint has been dismissed for failure to comply with PLRA, this appeal has turned into a purposeless proceeding. An opinion from this Court regarding the trial court's class certification order, regardless of whether the opinion affirmed or reversed the order, would have no impact on the case. Accordingly, we dismiss the appeal as moot.

Dismissed as moot.

/s/ David H. Sawyer
/s/ Joel P. Hoekstra
/s/ Kurtis T. Wilder

---

Litigation Reform Act, MCL 600.5501 *et seq.,* it was unnecessary to resolve the remaining issues. [*Doe*, __ Mich at __.]

In short, while the Supreme Court vacated portions of this Court's decision, it left intact this Court's conclusion that dismissal for failure to comply with MCL 600.5507(2) was mandated.