Michigan Supreme Court
Lansing, Michigan

# Opinion

Chief Justice:
Marilyn Kelly

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway

FILED April 30, 2010

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

No. 136648

EDWIN DEWAYNE RICHMOND,

Defendant-Appellant.

BEFORE THE ENTIRE BENCH

CAVANAGH, J.

We granted leave to appeal to address whether the dismissal of the charges against defendant on the prosecution's motion rendered moot the prosecution's subsequent appeal in the Court of Appeals. *People v Richmond*, 483 Mich 1115 (2009). We hold that the prosecution's voluntary dismissal of the charges rendered its appeal moot and, as a result, the Court of Appeals erred by reaching the substantive issues of the prosecution's appeal. Accordingly, we vacate the judgment of the Court of Appeals.

## I. FACTS AND PROCEDURAL HISTORY

After receiving an anonymous tip, the police seized a bag of garbage that was left at a curb in front of defendant's home. The bag contained a plant stem that tested positive for marijuana and mail that was addressed to defendant. The police then

obtained a search warrant from a magistrate to search defendant's home. On the basis of evidence gathered during the execution of the search warrant, defendant was subsequently charged with manufacturing 5 kilograms or more but less than 45 kilograms of marijuana, MCL 333.7401(2)(d)(*ii*), possession with intent to deliver marijuana, MCL 333.7401(2)(d)(*iii*), and possession of a firearm during the commission of a felony, MCL 750.227b. After defendant was charged and bound over to the circuit court for trial, he moved to quash the bindover and suppress the evidence, arguing, among other things, that the affidavit supporting the warrant was insufficient to establish probable cause and the search was therefore illegal.

The circuit court suppressed the evidence, ruling that the examining magistrate had abused her discretion in issuing the warrant. The circuit court's ruling excluded all the evidence against defendant. The prosecutor then moved to voluntarily dismiss the case without prejudice, stating that "[g]iven the Court's decision, it would make more sense for me to dismiss this case at this time since we are not able to go forward since the evidence has been suppressed."[1] As a result, the court signed an order of acquittal/dismissal, which indicated that the case was dismissed without prejudice "on the motion of the People." The prosecution appealed the circuit court's decision to suppress the evidence to the Court of Appeals.

---

[1] There is a dispute about whether the prosecution's voluntary dismissal of the charges was a *nolle prosequi* under MCL 767.29. We need not, however, address that dispute because it does not affect our analysis of the issue that is currently before this Court.

2

The Court of Appeals reversed the circuit court's suppression order and remanded the case for reinstatement of the charges against defendant. *People v Richmond*, unpublished opinion per curiam of the Court of Appeals, issued April 22, 2008 (Docket Nos. 277012 and 277015). Defendant appealed in this Court, arguing that the Court of Appeals erred by reversing the circuit court on the merits. Defendant also argued, for the first time, that the prosecution could not appeal the circuit court's ruling in the Court of Appeals because the issue was moot after the prosecution voluntarily obtained dismissal of the case. After initially denying defendant's application for leave to appeal, *People v Richmond*, 482 Mich 1041 (2008), we granted defendant's application on reconsideration, limited to the consideration of the mootness issue, *Richmond*, 483 Mich at 1115.

## II. ANALYSIS

In this case, we must determine whether the dismissal of the charges on the prosecution's motion rendered moot the prosecution's subsequent appeal in the Court of Appeals and, if so, whether the issue was nevertheless justiciable. We hold that the prosecution's voluntary dismissal of the charges rendered its appeal moot and, because a court should not hear moot issues except in circumstances that are not applicable under the facts of this case, the Court of Appeals erred by reaching the substantive issues of the prosecution's appeal.

### A. OVERVIEW OF THE MOOTNESS DOCTRINE

It is well established that a court will not decide moot issues. This is because it is the "principal duty of this Court . . . to decide actual cases and controversies." *Federated*

3

*Publications, Inc v City of Lansing*, 467 Mich 98, 112; 649 NW2d 383 (2002), citing *Anway v Grand Rapids R Co*, 211 Mich 592, 610; 179 NW 350 (1920). That is, "'[t]he judicial power . . . is the right to determine actual controversies arising between adverse litigants, duly instituted in courts of proper jurisdiction.'" *Anway,* 211 Mich at 616 (citation omitted). As a result, "this Court does not reach moot questions or declare principles or rules of law that have no practical legal effect in the case before" it. *Federated Publications*, 467 Mich at 112. Although an issue is moot, however, it is nevertheless justiciable if "the issue is one of public significance that is likely to recur, yet evade judicial review." *Id.* It is "'universally understood . . . that a moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, . . . or a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy.'" *Anway*, 211 Mich at 610, quoting *Ex parte Steele*, 162 F 694, 701 (ND Ala, 1908). Accordingly, a case is moot when it presents "nothing but abstract questions of law which do not rest upon existing facts or rights." *Gildemeister v Lindsay*, 212 Mich 299, 302; 180 NW 633 (1920).

In general, because reviewing a moot question would be a "'purposeless proceeding,'" *Stern v Stern*, 327 Mich 531, 534; 42 NW2d 737 (1950) (citation omitted), appellate courts will sua sponte refuse to hear cases that they do not have the power to decide, including cases that are moot, *In re MCI Telecom Complaint*, 460 Mich 396, 434 n 13; 596 NW2d 164 (1999), citing *Ideal Furnace Co v Int'l Molders' Union of North*

4

*America*, 204 Mich 311; 169 NW 946 (1918).[2]  Whether a case is moot is a threshold issue that a court addresses before it reaches the substantive issues of the case itself.  *In re MCI*, 460 Mich at 435 n 13.

## B.  APPLICATION OF THE MOOTNESS DOCTRINE

In this case, the prosecution's own action clearly rendered its subsequent appeal moot.  After the circuit court suppressed the evidence, the prosecution moved to dismiss the charges against defendant.  As a result of the prosecution's voluntarily seeking dismissal of the charges, the circuit court dismissed the charges without prejudice and any existing controversy between the parties was rendered moot.  Once the charges were dismissed, an action no longer existed, and, thus, there was no longer any controversy left for the Court of Appeals to consider.  Accordingly, because all the charges against defendant had been dismissed at the time of the prosecution's appeal, the Court of Appeals judgment was based on a "'pretended controversy,'" *Anway*, 211 Mich at 610 (citation omitted), that did not "rest upon existing facts or rights," *Gildemeister*, 212 Mich at 302.  Because a court cannot "tender advice" on matters that are no longer in litigation, see *Anway*, 211 Mich at 611-612, quoting *Snell v Welch*, 28 Mont 482, 482; 72 P 988 (1903) (quotation marks omitted), the Court of Appeals made a determination on a "'mere barren right—a purely moot question,'" which, under this Court's precedent, it

----

[2] Indeed, because a court should, on its own motion, recognize and reject claims that it does not have the power to decide, defendant's failure to raise the mootness argument at the Court of Appeals is irrelevant to this Court's analysis.  See *In re MCI*, 460 Mich at 434-435 n 13.

5

did not have the power to decide, *Anway*, 211 Mich at 605, quoting *Tregea v Modesto Irrigation Dist*, 164 US 179, 186; 17 S Ct 52; 41 L Ed 395 (1896).[3]

Although the prosecution does not have a constitutional right to appeal, the dissent argues that the prosecution may nevertheless appeal because the dismissal was a "final order" and the prosecution has a statutory right under MCL 770.12(1) and MCR 7.202(6)(b) to appeal a final order. The "final order" that the prosecution appealed in this case, however, was the order of acquittal/dismissal that was granted *at the prosecution's request.* This dismissal rendered the other issues in the case moot,[4] including the evidentiary issue, and the prosecution's statutory right to appeal does not give courts the power to review an otherwise moot issue.[5] Thus, in this case, the prosecution, not this

---

[3] Additionally, under the facts of this case, the Court of Appeals may have encroached on an executive function in violation of the doctrine of separation of powers by remanding for reinstatement of the charges. If the prosecution's voluntary dismissal was a *nolle prosequi* under MCL 767.29, the prosecution could have reinstated the "original charge on the basis of obtaining a new indictment . . . ." *People v Curtis*, 389 Mich 698, 706; 209 NW2d 243 (1973). Because the case was dismissed without prejudice, however, the prosecution retained the executive power to reinstate the charges regardless of whether the prosecution's voluntary dismissal was a *nolle prosequi*.

[4] As one jurisdiction has noted:

> An order to dismiss without prejudice entered at the request of the State is different from an order to dismiss entered on the court's own volition or at the request of the defendant, because the State is actually withdrawing the case as opposed to the court's rendering a decision on its own motion or at the request of the defendant, either of which would vacate, annul, or void the prosecution. [*State v Grager*, 713 NW2d 531, 534 (ND, 2006).]

[5] Given this reasoning, we respectfully disagree with the dissent's assertion that we have failed to provide an answer to its claim that this Court's decision impermissibly

6

Court, denied itself appellate review by obtaining dismissal of its own case and, therefore, rendering its appeal moot.[6]

When the issues raised by a party on appeal are clearly moot, an appellate court should ordinarily decline to address the substantive issues raised in the appeal unless an exception to the mootness doctrine applies. As noted, this Court has held that even though an issue is moot, it is nevertheless justiciable if the issue is one of public significance that is likely to recur, yet may evade judicial review. *Federated Publications*, 467 Mich at 112. The facts of this case, however, do not meet this exception.

This Court has declined to apply this exception when the party seeking review of an issue on appeal has rendered the issue moot by that party's own volitional conduct and the party could have avoided mooting the issue by seeking an appeal. For example, in *Federated Publications*, the city denied a newspaper's Freedom of Information Act (FOIA) request. *Id*. at 103. The newspaper subsequently sued for disclosure under FOIA. The circuit court granted, in part, the newspaper's motion for summary disposition and ordered the release of certain documents. The city filed an emergency motion in the Court of Appeals to stay the circuit court proceedings. *Id.* at 104. The

---

prevents the prosecution from pursuing a statutory right to appeal. Contrary to the dissent's assertion, MCL 770.12(1) does not give this Court the power to review an otherwise moot issue.

[6] Moreover, because the prosecution appealed the dismissal order that it had requested, the prosecution was not an aggrieved party and likely lacked standing. See *Richmond*, 482 Mich at 1041 (KELLY, J., dissenting).

7

Court of Appeals initially granted the city's emergency motion to stay, but later vacated its order. *Id.* at 104-105. After the Court of Appeals vacated its order, the city released the documents that were subject to the circuit court's order to the newspaper without taking any additional action. *Id.* at 105. The city later appealed the circuit court's motion for partial summary disposition as of right, and the Court of Appeals affirmed the circuit court's decision in part. *Federated Publications, Inc v City of Lansing*, unpublished opinion per curiam, issued November 14, 2000 (Docket Nos. 218331 and 218332). The city appealed in this Court. After this Court determined that the city's release of the documents to the newspaper rendered moot any claimed exemptions for those records, we reasoned that the case did not present an issue that was likely to recur yet regularly evade judicial review because "[q]uite simply, all that the city would have had to do . . . to secure review of [the] issue was to appeal the disclosure order to this Court." *Federated Publications*, 467 Mich at 112-113. Thus, because the city released the documents, this Court determined that the issue would not otherwise have evaded review because it had been rendered moot only by the city's own conduct. See *id.* at 101, 113.[7]

Like the city's action in *Federated Publications*, the issue in this case is not likely to recur yet evade judicial review because the prosecution's own conduct rendered the issue moot. The prosecution could have obtained judicial review of the circuit court's

---

[7] Similarly, in *Ideal Furnace*, this Court declined to reach the substantive issues of an appeal after a defendant was adjudicated guilty of contempt of court and paid a fine. This Court held that the questions on appeal were "purely academic" because the defendant, by his own act of paying the fine, had "discharged the order entered by the court below." *Ideal Furnace*, 204 Mich at 312-313.

decision by simply seeking an interlocutory appeal of the suppression order, rather than voluntarily obtaining dismissal of the charges.[8]  Therefore, by opting to dismiss the charges, the prosecution voluntarily removed from its claim the controversy that would generally have allowed it to seek appellate review.[9]  As in *Federated Publications*, we decline to extend the mootness exception on the basis of mere speculation that the issue "could" recur but evade judicial review because of the prosecution's own procedural misstep.[10]

---

[8] Notably, the dissent fails to recognize that the prosecution did not pursue this potential avenue for relief and instead opted to dismiss its own case and therefore render its appeal moot.

[9] Although interlocutory appeals are granted by leave of the Court of Appeals, see MCR 7.205, we note that the prosecution should be able to meet the requirements of the court rule in cases such as this with little difficulty.  While granting an interlocutory appeal is reviewed on a case-by-case basis, when an order to suppress evidence effectively eliminates the prosecution's case, the prosecution should be able to show that it "would suffer substantial harm by awaiting final judgment before taking an appeal" because requiring the prosecution to proceed to trial without the suppressed evidence could preclude appellate review given that the prohibition against double jeopardy, see Const 1963, art 1, § 15, and US Const, Am V, could prevent the prosecution from trying the defendant a second time.  MCR 7.205(B)(1).  Accord *State v Meeks*, 262 SW3d 710, 720 (Tenn, 2008) (observing that "the State should be able to carry its burden of persuasion [for obtaining an interlocutory appeal] with little difficulty" given that "the State could not obtain meaningful appellate review of the suppression order because the Double Jeopardy Clauses of the federal and state constitutions would prevent the State from trying the accused a second time").

Allowing the prosecution to appeal after it chooses to dismiss its case would not only allow the prosecution to circumvent caselaw from this Court regarding the mootness doctrine, but it would also allow the prosecution to circumvent the rules pertaining to interlocutory appeals by permitting the prosecution to simply move to dismiss its case without prejudice anytime it is dissatisfied with an adverse evidentiary ruling.

[10] We decline to address how hypothetical situations that are not currently before this Court, such as if a trial court refuses to dismiss a case after it suppresses evidence or

9

Notably, the facts of this case are distinguishable from cases in which this Court has decided to address an otherwise moot issue because it was one of public significance that was likely to recur yet evade judicial review. In general, this Court has applied the doctrine to cases in which the transitory nature of a particular controversy would render the issue moot before a party could obtain appellate review. See, e.g., *Socialist Workers Party v Secretary of State*, 412 Mich 571, 582 n 11; 317 NW2d 1 (1982) (stating that the fact that an election had taken place presented the "classic situation where a controversy is 'capable of repetition, yet evading review'" because the parties would seldom obtain appellate review of the issue before an election takes place); see, also, *People v Kaczmarek*, 464 Mich 478, 481; 628 NW2d 484 (2001), and *In re Midland Publications Co, Inc*, 420 Mich 148, 151 n 2; 362 NW2d 580 (1984). This Court has also applied the doctrine when an opposing party could, by its own conduct, render an issue moot to preclude an aggrieved party from seeking appellate review of the issue. See, e.g., *Detroit v Ambassador Bridge Co*, 481 Mich 29, 50-51; 748 NW2d 221 (2008). Neither of these situations is present in this case. Although there may be other instances in which a court will nevertheless decide the merits of an otherwise moot issue, to the extent that this Court has considered them, they are not applicable here.[11] And, as in *Federated*

refuses to stay the proceedings to allow a prosecutor to seek leave to appeal, would affect this appeal. We have, however, opened an administrative file, ADM 2008-36, to consider whether this Court should adopt a court rule to address the issue presented in this case.

[11] See, e.g., *Mead v Batchlor*, 435 Mich 480, 486; 460 NW2d 493 (1990) (stating that "[w]here a court's adverse judgment may have collateral legal consequences for a defendant, the issue is not necessarily moot").

*Publications*, we decline to address an otherwise moot issue when it is not likely that the issue will recur but evade judicial review because the party seeking relief voluntarily rendered the issue moot. As a result, the Court of Appeals erred by reaching the substantive issues of the prosecution's otherwise moot appeal.[12]

## III. CONCLUSION

The prosecution rendered moot its appeal in the Court of Appeals by voluntarily obtaining dismissal of the charges. Because a court should not hear moot issues except under circumstances that are not applicable under the facts of this case, the Court of Appeals erred by reaching the substantive issues in the prosecution's appeal. Accordingly, we vacate the judgment of the Court of Appeals.

> Michael F. Cavanagh
> Marilyn Kelly
> Stephen J. Markman
> Diane M. Hathaway

---

[12] We reject the prosecution's and the dissent's suggestion that this Court should extend *Dybata v Kistler*, 140 Mich App 65; 362 NW2d 891 (1985), to the facts of this case. To begin with, *Dybata* is factually inapposite to this case because it was a civil case in which the parties stipulated a dismissal. In this case, the parties did not stipulate a dismissal. Further, extending *Dybata* to the factual situation here would require this Court to recognize another exception to the mootness doctrine, which we decline to do for the reasons stated in this opinion.

Moreover, contrary to the dissent's assertion that "the prosecution obtained dismissal of the charges not because it wished to abandon the case, but for the purpose of pursuing it at the appellate level," the prosecution did not indicate on the record that it intended to appeal.

11

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

     Plaintiff-Appellee,

v                            No. 136648

EDWIN DEWAYNE RICHMOND,

     Defendant-Appellant.

_____

CORRIGAN, J. (*dissenting*).

I would hold that the dismissal on the prosecutor's motion did not render the subsequent appeal moot. The circuit court's decision to suppress the evidence aggrieved the prosecution and necessitated the dismissal because the prosecutor was unable to proceed without the evidence. Accordingly, the Court of Appeals did not err by reaching the substance of the prosecution's appeal.

Except when double jeopardy bars further proceedings, the prosecution may take an appeal of right from a final judgment or a final order of a circuit court in a criminal case. MCL 770.12(1). In a criminal case, a "final judgment" or "final order" includes "an order dismissing the case[.]" MCR 7.202(6)(b)(i). "[T]he people have a right to raise issues related to earlier interlocutory orders in an appeal of right from the final order." *People v Torres*, 452 Mich 43, 59; 549 NW2d 540 (1996). "The [Court of Appeals] has jurisdiction of an appeal of right filed by an aggrieved party from . . . [a] final judgment or final order of the circuit court . . . ." MCR 7.203(A)(1). In this case,

the prosecution was aggrieved by the circuit court's suppression ruling, which effectively ended its case. It had an appeal of right from the dismissal order, in which it was permitted to raise the suppression issue, and the Court of Appeals had jurisdiction over that appeal.

The majority concludes that the prosecution's "voluntary" dismissal of the charges rendered the subsequent appeal moot, thus depriving the Court of Appeals of jurisdiction. "This 'Court does not reach moot questions or declare principles or rules of law that have no practical legal effect in the case before us unless the issue is one of public significance that is likely to recur, yet evade judicial review.'" *Detroit v Ambassador Bridge Co*, 481 Mich 29, 50; 748 NW2d 221 (2008), quoting *Federated Publications, Inc v City of Lansing*, 467 Mich 98, 112; 649 NW2d 383 (2002), overruled in part on other grounds by *Herald Co Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463; 719 NW2d 19 (2006). "[A] moot case is one which seeks to get a judgment on a pretended controversy . . . or a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy." *Anway v Grand Rapids R Co*, 211 Mich 592, 610; 179 NW 350 (1920), quoting *Ex parte Steele*, 162 F 694, 701 (ND Ala, 1908). A case is moot if it presents questions that are "purely academic," *Ideal Furnace Co v Int'l Molders' Union of North America*, 204 Mich 311, 312; 169 NW 946 (1918), or "abstract questions of law which do not rest upon existing facts or rights," *Gildemeister v Lindsay*, 212 Mich 299, 302; 180 NW 633 (1920).

The majority acknowledges that the suppression ruling created a controversy, but concludes that "by opting to dismiss the charges, the prosecution voluntarily removed

2

from its claim the controversy that would generally have allowed it to seek appellate review." I respectfully disagree. The prosecutor's "voluntary" dismissal of the charges did *not* render the questions on appeal "abstract" or "purely academic" because it did not end the controversy regarding the circuit court's suppression ruling. The prosecution retained a legally cognizable interest in the outcome of the case: the prosecution could *only* pursue its case against defendant after an appellate court's review and reversal of the circuit court's (erroneous) evidentiary determination that suppressed crucial evidence. Indeed, the prosecution obtained dismissal of the charges not because it wished to abandon the case, but for the purpose of pursuing it at the appellate level. The dismissal permitted the prosecution to present to the Court of Appeals through an appeal of right the live controversy surrounding the suppression ruling. The mootness doctrine precludes adjudication of a claim that seeks a judgment that "'cannot have any practical legal effect upon a then existing controversy.'" *Anway*, 211 Mich at 610 (citation omitted). Here, the prosecution sought enforcement of our decision in *People v Keller*, 479 Mich 467; 739 NW2d 505 (2007), which would have the practical legal effect of permitting reinstatement of the charges.

The majority's decision in this case deprives the prosecution of its statutory right to appeal a final order, MCL 770.12(1), for the sole reason that the circuit court dismissed the charges against defendant on the prosecution's motion rather than on the defendant's motion or the court's own motion. Its decision means that the circuit court's suppression ruling, which was based on *People v Keller*, 270 Mich App 446; 716 NW2d 311 (2006), is allowed to stand even though this Court reversed the Court of Appeals' decision in

3

*Keller*.[1]   The majority's decision overturns the Court of Appeals' decision in this case, which corrected the circuit court's ruling in light of our decision in *Keller*.[2]   It also frustrates the purpose of MCL 770.12(1), which was designed to ensure that the prosecution has the same right to appeal that a defendant has, within constitutional limits. *Torres*, 452 Mich at 59.   The majority has no answer to the justified criticism that its opinion prevents the pursuit of a statutorily provided right to appeal created explicitly for prosecutors.   That this right was created in direct response to prior decisions by this Court

---

[1] In *Keller*, 479 Mich at 478-479, we concluded that the Court of Appeals erred by holding that the affidavit in support of a search warrant was insufficient:

> [T]here is a "multiple-step analysis to determine whether severability is applicable."   First the court must divide the warrant into categories.   Then, the court must evaluate the constitutionality of each category.   If only some categories are constitutional, the court must determine if the valid categories are distinguishable from the invalid ones and whether the valid categories "make up the great part of the warrant."   Here, the warrant authorizes the seizure of three categories of evidence: marijuana; distribution evidence, such as currency and packaging paraphernalia; and possession evidence, such as proof of residency.   Of these three categories, the only one that is arguably invalid is the distribution evidence. If it were invalid, that category would be severable from the others.   [Citations omitted.]

[2] In this case, the Court of Appeals concluded, under our decision in *Keller*, that the circuit court erred by concluding that the information in the affidavit was insufficient to establish probable cause to issue a warrant because the discovery of a marijuana stem in the trash taken from defendant's home provided a sufficient basis to conclude that there was probable cause to search the home. *People v Richmond*, unpublished opinion per curiam of the Court of Appeals, issued April 22, 2008 (Docket Nos. 277012 and 277015), p 3.   Although that discovery did not provide a substantial basis for concluding that there was probable cause to search for evidence of cultivation, the valid part of the warrant formed the greater portion of the warrant, so that the portion of the warrant pertaining to cultivation was severable. *Id*.

4

that disadvantaged prosecutors makes the majority's decision all the more ironic and mistaken.[3]

The majority's suggestion that the prosecution voluntarily mooted its own case by obtaining dismissal of the charges is problematic because it implies that the prosecution could have simply "unmooted" the case at any time by reinstating the charges. This is simply not true. MRPC 3.1 provides that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous." In light of the circuit court's ruling suppressing the evidence on which it sought to try case, the prosecution could not ethically reissue the charges.[4] Instead, it properly filed a claim of appeal in the Court of Appeals on March 20, 2007. On July 25, 2007, while the appeal was pending, we issued *Keller*.

Moreover, there is absolutely no difference between a prosecutor who moves to dismiss a case for the purpose of pursuing an appeal and a prosecutor who agrees to a

---

[3] MCL 770.12 was amended by 1988 PA 66 to provide for this right of appeal. The source of the public act was HB 4719. Senate Legislative Analysis, HB 4719, March 1, 1988, explained that HB 4719 was introduced to address the disadvantage to the prosecution created by the combination of two Michigan Supreme Court decisions, *People v Cooke*, 419 Mich 420; 355 NW2d 88 (1984), which held that prosecutor appeals are only permitted in limited instances set forth in Code of Criminal Procedure, and *People v Coles*, 417 Mich 523; 339 NW2d 440 (1983), which ruled that, upon a defendant's request in an appeal of right or by leave granted, an appellate court must review a trial court's exercise of discretion in sentencing, but may grant the defendant relief only if the sentencing court abused its discretion to the extent that it shocks the conscience of the appellate court.

[4] The majority has no answer to this ethical quandary.

5

dismissal by the circuit court in order to pursue an appeal. The majority fails to explain why the fact that the circuit court dismissed the case on the prosecutor's motion rather than on defendant's motion or the court's own motion justifies depriving the prosecution of its appeal of right. In either case, dismissal of the charges is a recognition that the prosecution's case cannot proceed given the court's evidentiary ruling and permits the prosecution to appeal that evidentiary ruling. Caselaw from our Court of Appeals recognizes this. In *Dybata v Kistler*, 140 Mich App 65; 362 NW2d 891 (1985), a medical malpractice case, the trial court barred testimony from the plaintiff's expert witness regarding the standard of care applicable to a general practitioner. In light of that ruling, the plaintiff stipulated to an order dismissing her claim against a doctor of osteopathy in general practice. *Id*. at 67-68. After the case proceeded to trial against a second doctor, the plaintiff appealed the dismissal order. *Id*. at 68. The Court of Appeals rejected the defendant's argument that the court lacked jurisdiction given the plaintiff's stipulation of the dismissal:

> As a threshold matter, defendant argues that plaintiff cannot appeal from a stipulated order dismissing her claim. Although we agree with the proposition that one may not appeal from a consent judgment, order or decree, *Dora v Lesinski*, 351 Mich 579; 88 NW2d 592 (1958), we do not believe a dismissal expressly necessitated by and premised upon a dispositive evidentiary ruling is a "consent" judgment or order. To require plaintiff to present proofs as a mere prelude to a certain directed verdict in order to preserve the issue would serve no one's interest. The question is properly before us. [*Id*.][5]

---

[5] The majority dismisses *Dybata* as "factually inapposite to this case because it was a civil case in which the parties stipulated a dismissal." The majority observes that here "the parties did not stipulate a dismissal." There is no functional difference between the stipulated dismissal order "'in light of the court's ruling' on the motion *in limine*" in

6

Similarly, in *Fairley v Andrews*, 578 F3d 518, 521 (CA 7, 2009), Judge Frank H. Easterbrook explained that the "only prerequisites to appellate jurisdiction are a final judgment and a timely notice of appeal."

> That said, if plaintiffs consented to the entry of judgment against them, we must affirm. Litigants aren't aggrieved when the judge does what they want. Plaintiffs contend that they accepted dismissal as inevitable only after the district court gutted their case. This matches the district judge's description. Acknowledging that a case is hopeless, given a prior ruling (which the party believes to be unsound), is a far cry from abandoning the suit. . . . [A] party who asks for a final judgment in order to appeal an antecedent ruling is entitled to contest the merits of that issue on appeal. [*Id.* at 521-522 (citations omitted).]

*Dybata* and *Fairley* recognized what the majority in this case ignores: an acknowledgment "that a case is hopeless, given a prior ruling," *id.* at 522, does not extinguish the controversy concerning that prior ruling. On the contrary, agreement to a dismissal order permits the aggrieved party to avail itself of an appeal of right while avoiding the certain directed verdict that would result from proceeding with a hopeless case. This analysis is even more compelling in a criminal case, in which a directed verdict or acquittal *bars* any appeal under double jeopardy principles.[6]

---

*Dybata*, 140 Mich App at 67-68, and the prosecution's motion to dismiss the charges after the circuit court's dispositive evidentiary ruling on defendant's motion to suppress in this case. *Dybata* is thus most certainly not "factually inapposite."

[6] Statutes in several jurisdictions address this problem directly by expressly permitting prosecutor appeals from suppression orders. In Delaware, when a trial court enters an order suppressing evidence and the attorney general certifies that the suppressed evidence is essential to the prosecution of the case, the court "shall dismiss" the charges, and the prosecution has an appeal of right from the dismissal order. Del Code Ann tit 10,

Because I would hold that "a party who asks for a final judgment in order to appeal an antecedent ruling is entitled to contest the merits of that issue on appeal," *id.*, I respectfully dissent.[7]

Maura D. Corrigan
Elizabeth A. Weaver
Robert P. Young, Jr.

---

§ 9902(b) and (c). In New York, under NY Crim Proc L 450.20(8), the prosecution may take an appeal of right from a pretrial order suppressing evidence, provided that it files

> a statement asserting that the deprivation of the use of the evidence ordered suppressed has rendered the sum of the proof available to the people with respect to a criminal charge which has been filed in the court either (a) insufficient as a matter of law, or (b) so weak in its entirety that any reasonable possibility of prosecuting such charge to a conviction has been effectively destroyed. [NY Crim Proc L 450.20(1).]

See also Ohio R Crim P 12(K).

[7] The majority suggests that the Court of Appeals "may have encroached on an executive function in violation of the doctrine of separation of powers by remanding for reinstatement of the charges." While I agree with the majority that it was for the prosecutor to decide whether to reinstate the charges, this does not undermine the conclusion that the Court of Appeals properly exercised jurisdiction over the prosecution's appeal. Moreover, the Court of Appeals' remanding for reinstatement of the charges merely recognized that the prosecution moved for dismissal of the charges only because of the circuit court's suppression ruling, which the Court of Appeals properly reversed.

8