# STATE OF MICHIGAN

# COURT OF APPEALS

MATTHEW PANTANO,

　　　　　Plaintiff-Appellant,

v

PHILLIPS SERVICE INDUSTRIES, INC. and
SCIAKY, INC.,

　　　　　Defendants-Appellees.

UNPUBLISHED
October 17, 2017

No.　332748
Wayne Circuit Court
LC No.　15-009065-CB

Before: SAAD, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Plaintiff filed this civil action against defendants, seeking relief from the terms of a non-competition agreement. The trial court granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(8) and (10), dismissing plaintiffs' claims for declaratory judgment, tortious interference with advantageous business relationship, unfair competition, and civil conspiracy. Plaintiff appeals as of right. We affirm.

Defendant Phillips Service Industries, Inc. (PSI) is a Michigan for-profit corporation, self-described as "a privately-held global manufacturing and services holding company that oversees a diverse collection of innovative subsidiaries[.]" Defendant Sciaky, Inc. (Sciaky) is a Delaware for-profit corporation, engaged in developing electron beam additive manufacturing technology and 3D printing technology for metal printing processes. PSI is Sciaky's parent corporation and sole shareholder, and PSI provides all human resources functions for Sciaky, including hiring, payroll, employment policies, and all other human resources issues. PSI extended plaintiff a written job offer that was contingent on plaintiff executing a Confidentiality and Non-competition Agreement. Plaintiff accepted the job and executed the agreement drafted by PSI. That agreement included a non-competition clause, which prohibited plaintiff from employment with an organization engaged in research on or development, production, marketing or selling of a competitive product for a period of one year after the termination of his employment with PSI.

After accepting the job offer from PSI, plaintiff was assigned to work in the Applied Research Laboratory at Penn State University, where he worked for over two years as an employee of Sciaky rather than PSI. In April, 2015, Penn State offered plaintiff employment as a Research and Development Engineer, and plaintiff resigned his employment with Sciaky.

-1-

Penn State subsequently withdrew its offer of employment because Sciaky threatened to sue Penn State pursuant to the non-competition agreement plaintiff had executed with PSI. Plaintiff filed this lawsuit, primarily seeking a declaratory judgment that the terms of the non-competition agreement did not prohibit him from accepting the employment with Penn State.

## I. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim and should be granted if the opposing party has failed to state a claim on which relief can be granted. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 131; 839 NW2d 223 (2013). A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint and should be granted if, after consideration of the evidence submitted by the parties in the light most favorable to the nonmoving party, no genuine issue regarding any material fact exists to warrant a trial. *Maiden*, 461 Mich at 120. The proper interpretation of a contract or the legal effect of a contractual clause is reviewed de novo. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005).

## II. DECLARATORY JUDGMENT

Plaintiff first argues that the trial court erred in summarily dismissing his request for a declaratory judgment regarding the non-competition clause after erroneously disregarding defendants' separate corporate existence and allowing Sciaky to enforce a contract signed solely by plaintiff and PSI. Defendants argue that the issue is moot because Penn State withdrew its offer of employment and because the one-year time limit on the non-competition clause has expired. We agree with defendants.

Our Supreme Court has comprehensively summarized the mootness doctrine as follows:

> It is well established that a court will not decide moot issues. This is because it is the principal duty of this Court . . . to decide actual cases and controversies. That is, the judicial power . . . is the right to determine actual controversies arising between adverse litigants, duly instituted in courts of proper jurisdiction. As a result, this Court does not reach moot questions or declare principles or rules of law that have no practical legal effect in the case before it. . . . It is universally understood . . . that a moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, . . . or a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy. Accordingly, a case is moot when it presents nothing but abstract questions of law which do not rest upon existing facts or rights.
>
> In general, because reviewing a moot question would be a purposeless proceeding, appellate courts will sua sponte refuse to hear cases that they do not have the power to decide, including cases that are moot. Whether a case is moot is a threshold issue that a court addresses before it reaches the substantive issues of the case itself. [*People v Richmond*, 486 Mich 29, 34-35; 782 NW2d 187 (2010) (internal quotation marks, footnote, and citations omitted).]

Accordingly, the trial court properly dismissed plaintiff's request for a declaratory judgment regarding enforcement of the non-competition agreement as moot because plaintiff admittedly had no pending offer of employment from Penn State and because the one-year period set forth in the non-competition agreement had expired. Therefore, we affirm the trial court's grant of summary disposition as to this issue.

## III. STATUTE OF FRAUDS

Plaintiff next argues that the statute of frauds, MCL 566.132(1)(f), would prohibit Sciaky from enforcing a section of the agreement signed by plaintiff regarding the assignment of intellectual property rights. However, the request for a declaratory judgment in Count I of plaintiff's complaint did not seek relief with regard to the intellectual property assignment provision, and did not seek a declaration that the intellectual property assignment provision of the agreement was invalid or unenforceable; it only sought declaratory relief with regard to the non-competition provision. Therefore, this Court need not determine whether Sciaky had any contractual rights to enforce the intellectual property assignment provision of the Agreement. Furthermore, because we conclude that the trial court correctly determined that any claim regarding enforcement of the non-competition agreement was moot, we decline to address plaintiff's argument that the statute of frauds prohibited Sciaky from enforcing that non-competition agreement.

## IV. NON-COMPETITION CLAUSES OUTSIDE A DIRECT EMPLOYMENT RELATIONSHIP

Plaintiff next contends that the trial court erred in granting defendant's motion for summary disposition because non-competition agreements are void outside of a direct employment relationship. Plaintiff contends that because only PSI was a party to the written agreement signed by plaintiff, and PSI was not his employer, the non-competition clause of the agreement was not enforceable. Again, because we conclude that the trial court correctly dismissed plaintiff's declaratory judgment claim regarding enforcement of the non-competition agreement as moot, we decline to address this issue.

## V. CONSIDERATION TO SUPPORT THE NON-COMPETITION CLAUSE

Plaintiff next contends that the trial court erred in granting defendant's motion for summary disposition because the non-competition agreement failed for lack of consideration. Again, because we conclude that the trial court correctly determined that any claim regarding enforcement of the non-competition agreement was moot, we decline to address this issue. We further note that plaintiff's brief on appeal fails to adequately explain this argument which constitutes abandonment of the issue. See *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

## VI. DISMISSAL OF REMAINING CLAIMS

Finally, plaintiff contends that this Court should remand to the trial court for further proceedings on plaintiff's claims of tortious interference, unfair competition, and civil conspiracy. Contrary to plaintiff's argument, the trial court did not dismiss plaintiff's remaining claims simply based on its conclusion that Sciaky could enforce PSI's contract with plaintiff.

Rather, the trial court dismissed those claims on their merits. Plaintiff fails to explain why the trial court's ruling on any of the remaining claims was erroneous, other than to vaguely argue that he set forth facts, law, and other evidence sufficient to rebut defendant's motion for summary disposition as to the remaining claims in the complaint. "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Id*. Accordingly, plaintiff has abandoned his appellate rights with regard to the trial court's dismissal of his tortious interference, unfair competition, and civil conspiracy claims.

Affirmed.

/s/ Henry William Saad
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron