# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARCUS ROBINSON,

        Defendant-Appellant.

UNPUBLISHED
July 17, 2018

No. 335995
Wayne Circuit Court
LC Nos. 76-001169-02-FC
           76-001188-04-FC

---

Before: CAMERON, P.J., and JANSEN and O'CONNELL, JJ.

PER CURIAM.

Defendant appeals the trial court's order denying his motion for relief from judgment. Because the relief defendant seeks is a meaningful opportunity for parole and defendant was paroled from prison after this Court granted his application, we dismiss this appeal as moot.

In 1976, defendant pleaded guilty to armed robbery, MCL 750.529, and first-degree criminal sexual conduct, MCL 750.520b, for offenses committed as a 17-year-old juvenile in two different cases. The trial court sentenced defendant to paroleable life imprisonment in each case. After he was sentenced, defendant was repeatedly denied the opportunity for parole, and his prior attempts to obtain appellate relief have been unsuccessful. See *People v Robinson*, unpublished order of the Court of Appeals, entered September 4, 2002 (Docket No. 240525); *People v Robinson*, unpublished order of the Court of Appeals, entered June 1, 1994 (Docket No. 170119); *People v Robinson*, unpublished order of the Court of Appeals, entered April 18, 1989 (Docket No. 112784).

In 2016, defendant filed a motion for relief from judgment in his underlying criminal cases, seeking relief from his life sentences under *Graham v Florida*, 560 US 48; 130 S Ct 2011; 176 L Ed 2d 825 (2010) (holding that the Eighth Amendment prohibition against cruel and unusual punishment, US Const, Am VIII, prohibits a sentence of life in prison without parole for a juvenile offender convicted of a nonhomicide offense). Defendant argued that although he had received paroleable life sentences, the sentences were, in practice, nonparoleable life sentences because the Parole Board had unfettered discretion to repeatedly deny parole, and its practices and procedures deprived him of a meaningful opportunity for parole. The trial court denied defendant's motion.

Defendant filed a delayed application for leave to appeal the circuit court's order, which this Court granted, "limited to the issue concerning whether defendant has been deprived of a

-1-

meaningful opportunity for parole as required by *Graham v Florida*, 560 US 48; 130 S Ct 2011; 176 L Ed 2d 825 (2010)." *People v Robinson*, unpublished order of the Court of Appeals, entered March 31, 2017 (Docket No. 335995). After this Court granted defendant's application, defendant was paroled from prison on December 14, 2017.

Because defendant has been granted parole, we dismiss this appeal as moot. "Whether a case is moot is a threshold issue that a court addresses before it reaches the substantive issues of the case itself." *People v Richmond*, 486 Mich 29, 35; 782 NW2d 187 (2010). "When the issues raised by a party on appeal are clearly moot, an appellate court should ordinarily decline to address the substantive issues raised in the appeal unless an exception to the mootness doctrine applies." *Id.* at 37. "An issue is moot when an event occurs that renders it impossible for the reviewing court to fashion a remedy to the controversy." *People v Jones*, 317 Mich App 416, 431; 894 NW2d 723 (2016) (citation and quotation marks omitted). In this case, defendant seeks a meaningful opportunity for parole. Because defendant was granted parole after this Court granted his application, he has received the relief he is seeking and there is no further remedy for this Court to impose. Accordingly, we dismiss this appeal as moot.

Dismissed as moot.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Peter D. O'Connell