# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* PAULA HORVATH.

---

NANCY MCKEE,

                Petitioner-Appellee,

v

PAULA HORVATH,

                Respondent-Appellant.

UNPUBLISHED
January 8, 2019

No. 344243
Washtenaw Probate Court
LC No. 18-000375-MI

---

Before: SWARTZLE, P.J., and SAWYER and RONAYNE KRAUSE, JJ.

PER CURIAM.

Respondent appeals by right the probate court order requiring her to receive involuntary mental health treatment. Following a hearing on the petition for mental health treatment the probate court found respondent to be a "person requiring treatment" under MCL 330.1401(1)(a) and (c). Respondent argues that petitioner failed to establish that respondent was a "person requiring treatment" under MCL 330.1401, and that the probate court order is a violation of her privacy rights under federal and state law. We dismiss this appeal as moot.

## I. BACKGROUND

In May of 2018, respondent was transported to the University of Michigan Medical Center (UMMC), after allegedly pushing her mother.[1] Respondent was evaluated by two psychiatrists within 24 hours of one another. Both psychiatrists diagnosed respondent with bipolar disorder, opined that she was an individual requiring treatment, and recommended hospitalization for treatment. On May 16, 2018, petitioner, a nurse practitioner at UMMC, filed the petition for mental health treatment with the probate court, and on May 23, 2018 a hearing was held.

---

[1] It is unclear from the record whether respondent was transported to the hospital by police, ambulance, or both. It is also unclear from the record which day respondent arrived at UMMC.

One of the psychiatrists, Dr. Karina Drake, testified on petitioner's behalf. Drake's testimony reported that respondent had a history of bipolar diagnosis as well as "previous psychiatric hospitalizations for erratic and threatening behavior," which resulted in court ordered alternative treatment and medication (ATO). Drake also alleged that since respondent's last ATO lapsed she has been "sporadically attending treatment" and "decompensating for the past couple of months."[2] In addition, Drake testified that respondent pushed her mother and threatened to burn down their house, and as a result respondent's mother filed a PPO because "she's concerned about her safety." Drake claimed that respondent was placed in the behavioral ICU area for observation because she was "very labile, aggressive, [and] swearing and threatening towards nursing staff." Due to the aforementioned testimony, Drake recommended respondent receive an ATO with medication "as well as contact with family, friends, [and] current and former providers." As a result of Drake's testimony, the probate court found respondent to be a person requiring treatment under subsections (a) and (c) of MCL 330.1401(1). The probate court ordered respondent to receive alternative treatment and medication, and "UM hospital [&] WCCMH may speak/consult with the family members of and other treatment providers of [respondent]." This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews a probate court's dispositional rulings for abuse of discretion, and reviews for clear error the factual findings underlying a probate court's decision. *In re Portus*, __ Mich App __ , __; __ NW2d __ (2018) (Docket No. 337980); slip op at 3. This Court explained in *Portus*:

> An abuse of discretion occurs when the probate court "chooses an outcome outside the range of reasonable and principled outcomes. A probate court's finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." [*Id*. at ___; slip op at 3, quoting *In re Bibi Guardianship*, 315 Mich App 323, 329; 890 NW2d 387 (2016).]

This Court reviews matters of statutory or constitutional interpretation by the probate court de novo. *In re Guardianship of Redd*, 321 Mich App 398, 404; 909 NW2d 289 (2017).

## III. ANALYSIS

Respondent argues that the probate court clearly erred when it determined that there was clear and convincing evidence to establish that respondent was a "person requiring treatment" under MCL 330.1401(1)(a) and (c). Respondent also challenges the portion of the probate court's order allowing the University of Michigan and Washtenaw County Community Mental Health (CMH) to "speak/consult with the family members of and other treatment providers of

---

[2] Decompensation is the appearance or exacerbation of a mental disorder due to failure of defense mechanisms. *Stedman's Medical Dictionary* (28th ed).

[respondent]." We need not address these issues at this time because the order has expired and therefore this appeal is now moot.

It is the duty of this Court to decline consideration of all matters that are determined to be moot. *People v Richmond*, 486 Mich 29, 34, 37; 782 BW2d 187 (2010). A case is deemed moot if it solely presents abstract questions of law that do not rest on existing facts or rights. *Id*. at 35. Furthermore, the inability for a court to grant relief renders an issue moot. *C D Barnes Associates, Inc. v Star Heaven, LLC*, 300 Mich App 389, 406; 834 NW2d 878 (2013). We may sua sponte consider whether this Court has the proper authority to adjudicate moot issues. *Richmond*, 486 Mich at 35.

This Court was advised during oral argument that the order appealed had expired in August 2018, which is consistent with the language in the order at issue. Because we cannot grant relief at this time, this case is dismissed as moot.

## IV. CONCLUSION

Dismissed. The parties shall bear their own costs. MCR 7.219(A).

/s/ Brock A. Swartzle
/s/ David H. Sawyer
/s/ Amy Ronayne Krause