*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JON THOMAS CHRISTIANSEN,

Defendant-Appellant.

UNPUBLISHED
February 4, 2020

No. 346755
Kent Circuit Court
LC No. 17-002728-FH

Before: O'BRIEN, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted his sentence after pleading guilty to fourth-degree fleeing and eluding, MCL 257.602a(2). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 16 months to 15 years in prison. Because we conclude that defendant's challenge to his sentence is moot, we affirm.

In February 2017, police received information that defendant planned to break into the home of his ex-wife. At that time, a personal protection order was in effect prohibiting defendant from contact with his ex-wife. A police officer surveilling the home saw defendant's vehicle approach, then stop and reverse suddenly and drive away. The officer followed behind defendant's vehicle and activated his overhead lights. After defendant failed to stop at a stop sign, the officer activated his siren. Defendant then sped away, reaching speeds of over 100 mph and failing to stop at another stop sign. Defendant was on probation at the time of the incident. Defendant was thereafter charged with fleeing and eluding the police.

Defendant pleaded guilty to fleeing and eluding as a fourth-offense habitual offender under a *Cobbs*[1] agreement. Under the agreement, defendant would serve no further jail time but would be sentenced to probation for up to five years. If defendant violated his probation, the trial court would sentence defendant to prison. Defendant indicated that he understood the terms of the plea agreement. Defendant thereafter failed to appear for his sentencing hearing on March 26, 2018.

---

[1] *People v Cobbs*, 443 Mich 276, 283; 505 NW2d 208 (1993).

As a result of defendant's failure to appear, the trial court issued a bench warrant for defendant's arrest.

The trial court held a second sentencing hearing on June 11, 2018. The trial court found that defendant's failure to appear at the earlier sentencing hearing constituted misconduct, and that the trial court therefore was no longer bound by the *Cobbs* agreement. The trial court sentenced defendant to 16 months to 15 years in prison, within the defendant's minimum sentencing guidelines range of 0 to 22 months. Defendant was paroled on September 10, 2019.

On appeal, defendant argues that the trial court erred in sentencing him to a prison term in violation of his *Cobbs* agreement and that the sentence was unreasonable and disproportionate. We observe, however, that this issue is moot. An issue becomes moot when an event occurs that makes it impossible for a court to provide a remedy. *People v Jones*, 317 Mich App 416, 431; 894 NW2d 723 (2016). When a defendant has already served his or her minimum sentence, this Court is unable to provide a remedy for a sentencing error, and the issue is rendered moot. *People v Tombs*, 260 Mich App 201, 220; 679 NW2d 77 (2003). In this case, defendant served his minimum sentence and received parole, making his challenge to his minimum sentence moot. Because this Court generally will not decide a moot issue, *People v Richmond*, 486 Mich 29, 34; 782 NW2d 187 (2010), we decline to reach this issue on appeal.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Amy Ronayne Krause
/s/ Michael F. Gadola

-2-