*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellant,

v

KEENAN TOLLIVER,

       Defendant-Appellee.

UNPUBLISHED
May 18, 2023

No. 361680
Wayne Circuit Court
LC No. 21-005262-01-FC

Before: RICK, P.J., and SHAPIRO and O'BRIEN, JJ.

PER CURIAM

Defendant was charged with first-degree murder, MCL 750.316, carrying a concealed weapon (CCW), MCL 750.227, felon in possession of a firearm, MCL 750.224f, and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, in relation to a fatal shooting. Before defendant was bound over for trial, the district court entered a stipulated protective order regarding the discovery of digital evidence at issue in the case, which included hours of police bodycam footage and 911 calls, as well as upwards of 70,000 pages of cell phone records. Defendant's trial counsel initially agreed to the terms of the protective order. However, defendant retained new counsel after he was bound over for trial. Defendant's retained counsel moved to compel discovery, asserting that the protective order was overbroad. In response, the prosecutor contended that under MCR 6.201(E), a protective order could be issued for good cause shown. To that end, the prosecutor contended that the size of the record and the nature of potentially sensitive information it contained constituted good cause for a protective order. The trial court agreed with defendant that the protective order was overbroad and entered an order granting the motion to compel discovery and setting aside the district court's protective order. This appeal followed. While the appeal was pending, defendant's retained counsel passed away. Defendant obtained new trial counsel,[1] who signed the protective order. Because defendant has acquiesced to the protective order, we dismiss this appeal as moot.

---

[1] The record does not expressly indicate whether defendant's new trial counsel was retained or appointed.

"Whether an issue is moot is a question of law that this Court reviews de novo." *In re Tchakarova*, 328 Mich App 172, 178; 936 NW2d 863 (2019). In general, "a court will not decide moot issues." *People v Richmond*, 486 Mich 29, 34; 782 NW2d 187 (2010). "An issue is moot when an event occurs that renders it impossible for the reviewing court to fashion a remedy to the controversy." *People v Cathey*, 261 Mich App 506, 510; 681 NW2d 661 (2004). As noted, defense counsel signed the protective order at issue. A copy of the order, signed by both parties, was submitted to this Court following oral argument. We dismiss this appeal as moot because under the circumstances, it would be impossible for this Court to fashion an appropriate remedy. *Id.*

Dismissed.

/s/ Michelle M. Rick
/s/ Douglas B. Shapiro
/s/ Colleen A. O'Brien