*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JEFFREY DUANE TULL,

        Defendant-Appellant.

UNPUBLISHED
June 13, 2024

No. 364671
Shiawassee Circuit Court
LC No. 01-007224-FH

Before: CAMERON, P.J., and N. P. HOOD and YOUNG, JJ.

PER CURIAM.

Jeffrey Duane Tull filed an application to have his 2002 felony conviction of third-degree home invasion, MCL 750.110a(4), set aside under the Setting Aside Convictions Act (SACA), MCL 780.621 *et seq.* The circuit court denied Mr. Tull's application, reasoning that MCL 780.621d(2) and (4)(c) barred the court from granting the application because Mr. Tull was convicted of a misdemeanor criminal offense within five years of his release from incarceration. Mr. Tull appeals by leave granted,[1] arguing that the circuit court misinterpreted MCL 780.621d(2) and (4)(c) and erroneously held that his 2008 conviction forever barred the court from setting aside his 2002 felony conviction. However, because Mr. Tull's felony conviction has since been automatically set aside under MCL 780.621g(2), this issue is now moot. Accordingly, we dismiss Mr. Tull's appeal.

"Whether an issue is moot is a question of law that this Court reviews de novo." *In re Tchakarova*, 328 Mich App 172, 178; 936 NW2d 863 (2019). "Whether a case is moot is a threshold issue that a court addresses before it reaches the substantive issues of the case itself." *People v Richmond*, 486 Mich 29, 35; 782 NW2d 187 (2010). A "moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, . . . or a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy." *Id.* at 34-35 (quotation marks and citation omitted). In other words,

---

[1] *People v Tull*, unpublished order of the Court of Appeals, entered June 22, 2023 (Docket No. 364671).

"[a] dispute is moot if no controversy exists and any judgment on the matter would lack practical legal effect." *People v Smith*, 502 Mich 624, 631; 918 NW2d 718 (2018). "An issue is moot when an event occurs that renders it impossible for the reviewing court to fashion a remedy to the controversy." *People v Thue*, 336 Mich App 35, 39; 969 NW2d 346 (2021) (quotation marks and citation omitted). "Because reviewing a moot question ordinarily would be a 'purposeless proceeding,' we generally dismiss a moot case without reaching the underlying merits." *Gleason v Kincaid*, 323 Mich App 308, 315; 917 NW2d 685 (2018), quoting *Richmond*, 486 Mich at 35.

According to the lower court register of actions for this offense, the Michigan State Police automatically set aside Mr. Tull's conviction on July 18, 2023. This action was taken under SACA's automatic expungement provision, MCL 780.621g, which states, in relevant part:

> (2) Beginning 2 years after the effective date of the amendatory act that added this section[2] . . . , a felony conviction that is recorded and maintained in the department of state police database is set aside under this section without the filing of an application under section 1 if both of the following apply:

> (a) Ten years have passed from whichever of the following events occurs last:

> (*i*) Imposition of the sentence for the conviction.

> (*ii*) Completion of any term of imprisonment with the department of corrections for the conviction.

Because Mr. Tull's felony conviction was set aside after this Court granted leave to appeal, this issue has become moot. See *Smith*, 502 Mich at 631-632. There is no controversy for this Court to decide, because Mr. Tull has already obtained his requested relief via MCL 780.621g(2) and it would, therefore, be impossible for this Court to fashion a remedy. See *Thue*, 336 Mich App at 39.[3]

Dismissed.

/s/ Thomas C. Cameron
/s/ Noah P. Hood
/s/ Adrienne N. Young

---

[2] The Michigan State Police began automatically setting aside eligible convictions and notifying courts under this subsection on April 11, 2023. Michigan State Police, *Michigan Clean Slate* <https://www.michigan.gov/msp/services/chr/conviction-set-aside-public-information/michigan-clean-slate> (accessed June 7, 2024).

[3] If this issue were not presently moot, this panel would agree that Mr. Tull is entitled to the relief he requests.