*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MATTHEW RYAN GREEN,

      Defendant-Appellant.

UNPUBLISHED
May 14, 2020

No. 345094
Ingham Circuit Court
LC No. 17-000900-FH

Before: CAVANAGH, P.J., and SAWYER and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of being an accessory after the fact to a felony, MCL 750.505. Defendant was sentenced to serve 18 to 60 months of imprisonment. We affirm.

## I. FACTS

During an interview with police, defendant admitted that he, Brandon Addiss, and Amber Kohls took turns fatally cutting and stabbing the victim. Defendant threw the knife they used into a nearby creek and helped hide the victim's body by rolling it up in a tent and submerging it in the creek along with a lounge chair and a bicycle on top of it. Defendant led police officers to the location where they recovered the body, which had been tied to the shoreline by a rope, and to the knife.

## II. ANALYSIS

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that trial counsel provided constitutionally ineffective assistance by failing to call defendant's guardian and his therapist as witnesses. We disagree.

"Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Solloway*, 316 Mich App 174, 187; 891 NW2d

255 (2016). We review for clear error the trial court's findings of fact and review de novo questions of law. *Id*. at 188.

A defendant who claims he was denied the effective assistance of counsel bears a heavy burden to overcome the presumption of effective assistance. *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018). "In order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). We do not second-guess counsel on trial strategy, nor do we assess counsel's competence with the benefit of hindsight. *People v Foster*, 319 Mich App 365, 391; 901 NW2d 127 (2017).

Counsel's decision whether to call a witness is presumed to be a strategic one for which we will not substitute our judgment. *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003). Counsel's failure to call a witness will generally not amount to ineffective assistance unless it deprives the defendant of a substantial defense, i.e., a defense that might have made a difference in the outcome of the trial. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009); *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009).

Defendant argues that his therapist's testimony would have "provided extra support" for his duress defense and would have showed that defendant was susceptible to influence from Addiss. The therapist testified at the *Ginther*[1] hearing that defendant "was struggling with depression and anxiety and he was having difficulty with sleep. And he was doing the best that he could to function." The therapist additionally testified that if she had been called to testify at trial, she would have stated that defendant had a "significant mental health history," that defendant had been depressed since he was 13 years old, and that he struggled academically.

However, evidence of defendant's mental illness had already been introduced during trial. A police officer testified that defendant told him that he had anxiety and took antidepressants. Video evidence was admitted in which defendant is heard telling the officer that he used antidepressants. Further, trial counsel advanced the defense of duress—not "a general susceptibility to social influence" defense. Thus, defendant was not deprived of a substantial defense. *Payne*, 285 Mich App at 190.

Defendant argues that his guardian would have testified about defendant's "complete history and mental health challenges," and that defendant was delayed in his milestones. Defendant contends that this testimony would have demonstrated his history of his susceptibility to influences by others. However, testimony about defendant's history of susceptibility to influence would show that defendant acted in conformity therewith on the date of this incident, and presumably have been inadmissible under MRE 404(b)(1).[2] "Failing to advance a meritless

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act,

argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Moreover, trial counsel stated that he did not call the guardian as a witness because he thought she "may be combative and that, you know, she may argue. And the nature, or the personality of the trial up to that was very cordial." The guardian was an "aggressive communicator," and trial counsel could not predict what she might say, "especially on cross-examination." Trial counsel also believed that if he had called the guardian to testify concerning defendant's general susceptibility, it might open the door for the prosecution to introduce evidence that defendant was in a romantic relationship with Khols and had acted to impress her. Additionally, trial counsel believed that defendant did not want the guardian to testify because he disliked having her as his guardian. We do not second-guess counsel on matters of trial strategy; nor do we assess trial counsel's competence with the benefit of hindsight. See *Foster*, 319 Mich App at 391. Moreover, defendant has not established a reasonable probability that but for counsel's alleged error the result of the proceedings would have been different. *Trakhtenberg*, 493 Mich at 51. Accordingly, defendant is not entitled to relief based on the ineffective assistance of trial counsel.

## B. SENTENCE

Defendant next argues that offense variable (OV) 19 was improperly scored and that his minimum sentence, which exceeded the top end of the guidelines range by 9 months, was disproportionate. Defendant has fully served his 18-month minimum sentence and has been released on parole. Thus, this issue is moot and we decline to address it. *People v Tombs*, 260 Mich App 201, 220; 679 NW2d 77 (2003) (when a defendant has already served his minimum sentence, we are unable to provide a remedy for a sentencing error, and the issue is rendered moot); *People v Richmond*, 486 Mich 29, 34; 782 NW2d 187 (2010) (we generally will not decide a moot issue).[3]

## III. CONCLUSION

knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case." MRE 404(b)(1). None of those exceptions apply here.

[3] Additionally, defendant's argument fails on the merits. Under MCL 777.49(c), when "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice, or directly or indirectly violated a personal protection order," 10 points are scored for OV 19. "OV 19 is generally scored for conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense." *People v Sours*, 315 Mich App 346, 349; 890 NW2d 401 (2016). Defendant admitted that he helped hide the victim's body and that he threw the knife that in the river. Thus, the record supports the trial court's assessment of 10 points for OV 19.

Defendant is not entitled to relief based on the ineffective assistance of trial counsel, and we decline to consider the issues he raises with respect to his sentence because they are moot. Accordingly, we affirm.

/s/ Mark J. Cavanagh
/s/ David H. Sawyer
/s/ Michael J. Riordan