*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* STANLEY JOHN MARX III.

---

STANLEY JOHN MARX III,

    Appellant,

v

MANISTEE COUNTY PROSECUTOR,

    Appellee.

UNPUBLISHED
November 9, 2021

No. 356924
Manistee Probate Court
LC No. 18-000123-MI

---

Before: MURRAY, C.J., and MARKEY and RIORDAN, JJ.

PER CURIAM.

Respondent appeals as of right the lower court order denying his petition for discharge from continuing mental health treatment. We affirm.

## I. BACKGROUND

Respondent, who has been diagnosed with schizophrenia, has been subject to several court orders requiring that he undergo treatment to alleviate his symptoms. Respondent initially received an injection of a particular medication every four weeks, but this was subsequently increased to every three weeks. The treatment caused respondent to experience cramping, and he filed a petition in the probate court seeking a reduction in the frequency of his injections to alleviate the cramps. At a hearing to consider the petition, his physician testified that the current dosage was necessary to manage his symptoms. Respondent and the physician were the only witnesses

who offered testimony at the hearing. The trial court denied respondent's petition, and this appeal followed.[1]

## II. DISCUSSION

Respondent argues that he was denied the effective assistance of counsel because his attorney did not request the appointment of an expert witness to testify on his behalf. We note that it is unclear whether a respondent in a civil commitment proceeding is entitled to raise an ineffective assistance of counsel claim; however, we need not address that question because respondent has failed to present a valid claim.[2]

Claims of ineffective assistance of counsel present mixed questions of fact and law. *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018). Factual findings are reviewed for clear error and legal conclusions are reviewed de novo. *Id*. Because the trial court has not held an evidentiary hearing, we limit our review to mistakes that are apparent from the record. *People v Riley*, 468 Mich 135, 139; 659 NW2d 611 (2003).

"To prevail on a claim of ineffective assistance, a defendant must, at a minimum, show that (1) counsel's performance was below an objective standard of reasonableness and (2) a reasonable probability exists that the outcome of the proceeding would have been different but for trial counsel's errors." *Head*, 323 Mich App at 539 (quotation marks and citation omitted; alteration removed). "[A] reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018). This Court presumes counsel was effective, and respondent carries a heavy burden to overcome this presumption. *Head*, 323 Mich App at 539. "This Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Traver*, 328 Mich App 418, 422-423; 937 NW2d 398 (2019) (quotation marks and citation omitted).

---

[1] The order at issue expired on August 24, 2021, and the record before us does not indicate whether it was renewed with the same terms that respondent now challenges on appeal. Nonetheless, we will address the merits of his appeal despite the possibility of mootness because such civil-commitment orders are limited to a period of one year, see MCL 330.1472a(4), thus rendering it difficult for an appellant such as respondent to obtain a merits decision on appeal before the case is moot. See *People v Richmond*, 486 Mich 29, 34; 782 NW2d 187 (2010) ("Although an issue is moot, however, it is nevertheless justiciable if the issue is one of public significance that is likely to recur, yet evade judicial review.") (quotation marks and citation omitted).

[2] By analogy, the United States Court of Appeals for the Fourth Circuit has stated that "[a] person subject to commitment under the Adam Walsh Act does not have a right to effective assistance of counsel under the Sixth Amendment." *United States v Lesch*, 717 Fed App'x 244, 247 (CA 4, 2018) (quotation marks and citation omitted). Similarly, the United States Court of Appeals for the Seventh Circuit has indicated that there is no "constitutional right to appellate counsel to challenge a civil commitment." See *Brown v Watters*, 599 F3d 602, 609 (CA 7, 2010) ("Mr. Brown provides no authority establishing a constitutional right to appellate counsel to challenge a civil commitment.").

Respondent has not established that his trial counsel was deficient by not requesting the appointment of an expert witness. "Decisions regarding what evidence to present, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy." *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). In this case, there is nothing in the record suggesting that counsel's decision not to seek appointment of an expert was not a reasonable strategic choice. Indeed, respondent concedes that a court-appointed expert might have agreed with petitioner's expert witness, so counsel could have reasonably decided that seeking appointment of an expert was not worth the risk.

Respondent also argues that his due-process rights were violated because the trial court, by failing to appoint an expert witness to testify on respondent's behalf, denied him a fair hearing. We disagree.

Because respondent did not raise this issue in the trial court, it is unpreserved. We review unpreserved claims of error under the plain-error standard. A plain error occurs if three requirements are satisfied: "1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999) (internal citation omitted).

Civil commitment proceedings involve important liberty interests, and respondents in such proceedings are entitled to due process of law. *In re Moriconi*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 356037); slip op at 7; *In re KB*, 221 Mich App 414, 417-419; 562 NW2d 208 (1997). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *In re KB*, 221 Mich App at 419 (quotation marks and citations omitted). Generally speaking, "the procedures embodied in the Mental Health Code satisfy due process guarantees." *Id*. at 421. In this case, respondent cites no authority that supports his position that a "[r]espondent in a petition concerning the Continuing Order for Mental Health Treatment has an absolute right to have their own expert upon the [r]espondent raising the issue of proper medical care."

Regardless, even assuming that respondent has a due-process right to a court-appointed expert to the same extent as a criminal defendant, he is still not entitled to relief. In *People v Kennedy*, 502 Mich 206; 917 NW2d 355 (2018), our Supreme Court explained that a criminal defendant has a due-process right "to the appointment of an expert at government expense" if he or she "show[s] the trial court that there exists a reasonable probability both that an expert would be of assistance to the defense and that denial of expert assistance would result in a fundamentally unfair trial." *Id*. at 228 (quotation marks and citation omitted). "[T]he defendant's bare assertion that an expert would be beneficial cannot, without more, entitle him or her to an expert; otherwise, every defendant would receive funds for experts upon request." *Id*. at 226. Here, respondent has not established a "reasonable probability" that an appointed expert would be favorable to his defense. Instead, he has made a "bare assertion" to that effect, which our Supreme Court explained is insufficient to establish a constitutional entitlement to an appointed expert. See *id*. We therefore conclude that the trial court did not plainly err by failing to appoint an expert on respondent's behalf.

III. CONCLUSION

Respondent has failed to establish any error in the proceedings below. Therefore, we affirm.

/s/ Christopher M. Murray
/s/ Jane E. Markey
/s/ Michael J. Riordan