*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* TSS.

CHRISTOPHER ADAMS, also known as CHRIS ADAMS, and DAVID WHITESMAN,

      Petitioners-Appellees,

v

TSS,

      Respondent-Appellant.

UNPUBLISHED
June 15, 2023

No. 363192
Washtenaw Probate Court
LC No. 22-000555-MI

Before: CAMERON, P.J., and MURRAY and GADOLA, JJ.

PER CURIAM.

In this involuntary mental health treatment action, respondent appeals as of right the probate court's August 31, 2022 order stating that he required mental health treatment, would be hospitalized for up to 60 days, and would participate in assisted outpatient treatment services. We dismiss this appeal as moot.

Respondent was first brought to the hospital for mental health treatment after he broke into the Ann Arbor Airport. When he was brought to the hospital, he already had an injury to his ankle that had become infected. However, respondent was not able to communicate how the injury happened. A petition for mental health treatment was filed on July 28, 2022. It is undisputed that two valid clinical certificates were attached to that petition. However, the mental health hearing was deferred because respondent agreed to receive mental health treatment.

On August 29, 2022, petitioner Christopher Adams filed a demand for hearing because respondent refused to accept the prescribed treatment. A clinical certificate signed by Dr. Adam Ari, a psychiatrist, was attached to the demand for hearing. Dr. Ari's clinical certificate was signed at noon on August 26, 2022. However, Dr. Ari had examined respondent two days earlier, on August 24, 2022. Dr. Ari recommended that respondent be hospitalized because he suffered from psychosis, was disorganized in his thought patterns and speech, had endorsed suicidal ideation,

-1-

and was likely to unintentionally harm himself or others due to his psychosis. Respondent was also "hyperreligious at times, endorsing auditory hallucinations."

MCL 330.1434(4) states that, "[e]xcept as otherwise provided in subsection (7) and section 455, a clinical certificate that accompanies a petition must have been executed within 72 hours before the filing of the petition, and after personal examination of the individual." Respondent claims that the demand for a hearing was a petition, and Dr. Ari's clinical certificate was untimely because it was not filed within 72 hours of respondent's personal examination. Respondent argues that a clinical certificate is "executed" at the time a respondent is examined by a doctor, not when the doctor signs the clinical certificate. Respondent also claims that the probate court's written order stating that respondent would participate in outpatient mental health treatment after being released from the hospital was inconsistent with its verbal proclamations at the mental health hearing and should be voided.

In the time since the August 31, 2022 order was entered, additional orders have been entered by the probate court committing respondent to involuntary hospitalization and outpatient treatment for his mental health. A second order for mental health treatment, entered on October 19, 2022 ordered respondent to be hospitalized for no more than 90 days and to participate in assisted outpatient treatment upon being released. An additional order was entered on December 28, 2022 instructing that respondent could be hospitalized for up to 90 days and would participate in assisted outpatient treatment for up to one year.

In light of these subsequent orders, we conclude that both of the issues raised on appeal are moot. Because this Court must only decide actual cases and controversies, it is "well established that a court will not decide moot issues." *People v Richmond*, 486 Mich 29, 34; 782 NW2d 187 (2010).

> It is universally understood that a moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy. [*Id*. at 34-35 (quotation marks and citation omitted).]

Because subsequent orders have required respondent to continue to be hospitalized and receive outpatient mental health treatment, and because respondent has not challenged those orders, respondent's legal status would not change even if the August 31, 2022 order was overturned. This Court "does not reach moot questions or declare principles or rules of law that have no practical legal effect in the case before it." *Id*.

Dismissed.

/s/ Thomas C. Cameron
/s/ Christopher M. Murray
/s/ Michael F. Gadola