*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MSY CAPITAL PARTNERS, LLC, and
MICHIGAN REAL ESTATE DEVELOPMENT,
LLC,

　　　　　Plaintiffs-Appellants,

v

LIV WELLNESS CENTER LLC, doing business as
LIV WELLNESS, DENNIS ZOMA, DANNY
ZOMA, and DUANE KARMO,

　　　　　Defendants-Appellees,

and

SCOTT S. YALDO, JOHN DOE, and JANE DOE,

　　　　　Defendants.

UNPUBLISHED
December 16, 2024
11:05 AM

No.　366746
Oakland Circuit Court
LC No.　2019-178037-CB

Before: FEENEY, P.J., and O'BRIEN and WALLACE, JJ.

PER CURIAM.

Plaintiffs, MSY Capital Partners, LLC (MSY) and Michigan Real Estate Development, LLC, appeal as of right from the order granting defendants' motion for entry of a dismissal order. This appeal centers on plaintiffs' contention that plaintiffs' counsel, Dykema Gossett PLLC (Dykema), has not distributed MSY's share of an appeal bond. It has been brought to this Court's attention, however, that Dykema is no longer in possession of the disputed funds. This appeal is accordingly dismissed as moot.

## I. BACKGROUND

Following a jury trial and subsequent appeal, the parties executed a confidential settlement agreement. The agreement, amongst other things, provided that an appeal bond would be distributed to plaintiffs' attorney, Dykema, who, after receiving written disbursement instructions,

would distribute the money to the parties in accordance with the terms of the agreement. The parties further agreed that the action would be dismissed once the parties received their respective shares of the proceeds. The agreement was signed by MSY's two members, brothers Chris and Greg Yatooma.

In April 2023, the trial court distributed the appeal bond to Dykema in accordance with the terms of the settlement agreement. Dykema then distributed defendants' portion of the bond at the direction of defendants' counsel. Dykema did not distribute MSY's portion of the appeal bond, however, because Greg and Chris disagreed on how to distribute the funds. The disagreement between Greg and Chris eventually blossomed into a separate case between the brothers (the Yatooma litigation). Due to the ongoing dispute between Chris and Greg, Dykema was given conflicting instructions about how to distribute the MSY's proceeds, so Dykema refused to distribute MSY's portion of the appeal bond "until it received either a joint agreement from both Gregory and Christopher Yatooma or an Order of the Court." No such agreement between Greg and Chris was ever reached.

In May 2023, defendants moved for entry of a dismissal order under MCR 2.119, claiming that the terms of the settlement agreement had been satisfied. In June 2023, MSY moved to compel Dykema to distribute the appeal bond in accordance with the settlement agreement. Without ruling on MSY's motion to compel, the trial court granted defendants' motion and dismissed the case with prejudice.

After this order was entered but before MSY filed this appeal, the court in the Yatooma litigation ordered Dykema to distribute MSY's portion of the appeal bond in two IOLTA accounts held by each brother's respective attorney. We exercise our discretion to take judicial notice of this order under MRE 201. See *Johnson v Dep't of Nat. Res*, 310 Mich App 635, 649; 873 NW2d 842 (2015); MRE 201(d) ("The court may take judicial notice at any stage of the proceeding.").

Two days after this order was entered, MSY filed the instant appeal.

## II. APPEAL

"[A]ppellate courts will sua sponte refuse to hear cases that they do not have the power to decide, including cases that are moot." *People v Richmond*, 486 Mich 29, 35; 782 NW2d 187 (2010), citing *In re MCI Telecom Complaint*, 460 Mich 396, 434 n 13; 596 NW2d 164 (1999). "Whether a case is moot is a threshold issue that a court addresses before it reaches the substantive issues of the case itself." *Richmond*, 486 Mich at 35.

On appeal, plaintiffs argue that the trial court erred by (1) failing to rule on MSY's motion to compel Dykema to distribute MSY's share of the appeal bond and (2) entering the order of dismissal because the terms of the settlement agreement required Dykema to distribute MSY's portion of the appeal bond before dismissing the case. As evidenced by the order from the Yatooma litigation, however, Dykema has not possessed or controlled MSY's portion of the appeal bond since July 2023. If this Court ruled in favor of plaintiffs and remanded the case to the trial court to compel Dykema to distribute the funds to MSY pursuant to the settlement agreement before dismissing this case, there would be no way for Dykema to comply with the order (and consequently no way for the trial court to dismiss the case) because Dykema no longer possesses

or controls the funds.  Accordingly, plaintiffs' entire appeal is moot.  See *Gleason v Kincaid*, 323 Mich App 308, 314; 917 NW2d 685 (2018) ("An issue is moot when a subsequent event makes it impossible for this Court to grant relief.").

Appeal is dismissed as moot.

/s/ Kathleen A. Feeney
/s/ Colleen A. O'Brien
/s/ Randy J. Wallace