*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MOORE MURPHY HOSPITALITY, LLC, doing business as IRON PIG SMOKEHOUSE,

   Plaintiff-Appellant,

v

HEALTH DEPARTMENT OF NORTHWEST MICHIGAN,

   Defendant-Appellee.

UNPUBLISHED
December 22, 2025
1:35 PM

No. 371026
Otsego Circuit Court
LC No. 2023-019393-CZ

Before: SWARTZLE, P.J., and O'BRIEN and BAZZI, JJ.

SWARTZLE, P.J., (*concurring in the judgment only*).

Although I cannot take issue with the majority's judgment, if we were able to write on a blank slate today, I would address the merits of plaintiff's claims challenging the constitutionality of § 2451 of the Public Health Code, MCL 333.2451 (authorizing local-health departments to issue orders regarding an "imminent danger" to public health). And yet, because any decision by this panel on the merits of those claims would be summarily vacated by our Supreme Court, per its order in *T & V Assoc v Director of Health & Human Servs*, ___ Mich ___, ___; 12 NW3d 594, 596 (2024) (involving a parallel statute operating at the state level), there is little to be gained by this panel reaching the merits. But make no mistake, this is an unjust state of affairs.

In *T & V Assoc*, a majority of our Supreme Court concluded that a case similar to this one was moot, and the case did not meet one of the exceptions to the mootness doctrine, specifically whether the constitutionality of the statute posed an issue of public significance likely to recur but evade judicial review. *Id*. The statute's constitutionality was unquestionably a matter of public significance, so the only real question was whether the controversy was likely to recur but evade judicial review. *Id.* On this question, the majority concluded, "[T]he COVID-19 emergency has ended, and there are higher vaccination rates as well as more effective treatments available"—and this purportedly justified the majority's decision not to reach the merits of the claims. *Id*. at 596-597. The majority's statement is accurate as far as it goes, though it goes hardly anywhere.

-1-

There will be more public-health emergencies in the future, as sure as the thunder follows the lightning. We live in increasingly global, inter-connected societies, with emerging biohazards and technologies for which we have few effective guardrails. Moreover, even if the absolute level of a particular risk is no higher today than a half century ago, we appear to be living in increasingly risk-averse communities, which suggests that there will be more vocal calls demanding public action during the next emergency, with the concomitant support and criticism (measured and not-so-measured) that come with such calls. This is all to say that I am not as sanguine as the Supreme Court majority in *T & V Assoc* that—at the moment—there is nothing to see here.

Next July, we celebrate the 250th anniversary of the grandest and most audacious experiment in social-contract theory that the world has ever run. See Second Continental Congress, The unanimous Declaration of the thirteen united States of America (1776). As one aspect of the social contract, individuals and businesses are supposed to follow the laws and orders of their governments, and the governments are supposed to give those individuals and businesses the opportunity to challenge the laws and orders in a court of law. Given the exigencies of practical life, the legal challenge usually must come after the time when the individual or business must act—comply first, challenge later. Fair enough . . . so long as each side holds up its end of the bargain.

By applying the mootness doctrine to cases like this, however, our Judiciary has not held up its end of the bargain. Individuals and businesses are expected to follow the law and government orders during an emergency, but when, after the emergency has subsided, an individual or business seeks to challenge the constitutionality of a particular law or order, courts now say that the challenge is moot. This bait-and-switch is a breach of our social contract.

Mootness is not a jurisdictional doctrine, but merely a prudential one. See *People v Richmond*, 486 Mich 29, 37; 782 NW2d 187 (2010). Prudence counsels in favor of taking up plaintiff's claims *now*, precisely because the COVID-19 emergency appears to be over and the claims can be given measured, dispassionate study by judges and justices of various philosophies and backgrounds. Under my preferred approach, the Judiciary would provide a definitive ruling with clear guidance for the next emergency. Instead, it has become increasingly obvious that questions like this will be pushed aside as moot. See *T & V Assoc*, 12 NW3d at 596-597.

For these reasons, as well as those set forth by both (1) the Court of Claims and (2) this Court of Appeals in the *T & V Assoc* litigation, see *T & V Assoc, Inc v Director of Health & Human Servs*, 347 Mich App 486, 493-498; 15 NW3d 313 (2023), I would prefer that we reach the merits of plaintiff's claims here. With that said, my fellow panel members are correct that there is nothing material that distinguishes this case from *T & V Assoc*, and because of our Supreme Court's peremptory order in that case, any opinion on the merits here would be a dead letter almost as soon as it was issued.

Accordingly, I concur in the majority's judgment.

/s/ Brock A. Swartzle